# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:23-cv-00878** |
| | ) | |
| **v.** | ) | **Judge Waverly D. Crenshaw, Jr.** |
| | ) | **Magistrate Judge Alistair Newbern** |
| **CRYSTAL RAY and RICKY RAY d/b/a** | ) | |
| **RR FARMS aka RR FARMS MASS** | ) | |
| **GRADING,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER

**COME NOW** the Defendants, Crystal Ray and Ricky Ray d/b/a RR Farms (collectively, the "**Defendants**" or the "**Rays**"), and hereby answer the *Complaint* ("**Complaint**") filed by Plaintiff, Tennessee Riverkeeper, Inc. ("**Riverkeeper**" or "**Plaintiff**"), in the above-captioned matter as follows:

### NATURE OF THE CASE

1.      Defendants contend that the allegations in Paragraph 1 of the Complaint contain legal assertions and conclusions to which no response is required.  Defendants further contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  Defendants deny that they violated any of said statutory provisions.  To the extent that Paragraph 1 contains any factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

2.      Denied.

3.     Denied.

4.     Denied.

5.     Defendants admit that excavated materials from construction sites have been placed at the Site.  The remaining allegations of Paragraph 5 of the Complaint are denied.

6.     Defendants contend that the allegations in Paragraph 6 of the Complaint contain legal assertions and conclusions to which no response is required.  Defendants further contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  Defendants deny that they violated any of said statutory provisions.  To the extent that Paragraph 6 is interpreted to contain any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

7.     Defendants contend that the allegations in Paragraph 7 of the Complaint contain legal assertions and conclusions to which no response is required.  Defendants further contend that the referenced "NPDES permit" speaks for itself and any allegations inconsistent therewith are denied.  Defendants deny that they are in violation of any of the provisions of said NPDES permit. To the extent that Paragraph 7 is interpreted to contain any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

8.     Defendants contend that the allegations in Paragraph 8 of the Complaint contain legal assertions and conclusions to which no response is required.   Defendants deny that Riverkeeper is entitled to the relief sought by Paragraph 8 and that the Defendants violated the referenced statutory provisions.  To the extent that Paragraph 8 is interpreted to contain any further

378819.2 (2929.01)

factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

## JURISDICTION AND VENUE

9. Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. Defendants deny that the Complaint establishes subject matter jurisdiction over this action. To the extent that Paragraph 9 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

10. Denied.

11. Defendants admit that venue is proper in the Middle District of Tennessee. Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. Defendants deny the Complaint's representation of the acts of Defendants therein, deny that Defendants committed any "omissions", and deny that they have committed any "violations". To the extent that Paragraph 11 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

## NOTICE

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore deny them.

13. Defendants admit that a notice was delivered to them, dated June 5, 2023. Defendants contend that the allegations in Paragraph 13 of the Complaint contain legal assertions and conclusions to which no response is required. Defendants deny that any alleged "violations" occurred. Defendants further contend that the cited statutory provisions speak for themselves and

3

any allegation inconsistent therewith is denied. To the extent that Paragraph 13 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore deny them.

15.    Defendants admit that a notice was delivered to them, dated June 5, 2023. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore deny them.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore deny them.

17.    Defendants admit that neither the EPA nor the State of Tennessee have commenced and/or prosecuted a civil or criminal enforcement action against them with regard to the allegations contained in the Complaint. The remaining allegations contained in Paragraph 17 are denied.

18.    Defendants admit that neither the EPA nor the State of Tennessee have commenced and/or prosecuted any administrative action under 33 U.S.C § 1319(g) against them with regard to the allegations contained in the Complaint. The remaining allegations contained in Paragraph 18 are denied.

19.    Defendants admit that neither the EPA nor the State of Tennessee have issued any final order nor have Defendants paid any penalty assessed under 33 U.S.C § 1319(g) with regard to the allegations contained in the Complaint. The remaining allegations contained in Paragraph 19 are denied.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny them.

4

## PARTIES

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore deny them.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore deny them.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore deny them.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore deny them.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore deny them.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore deny them.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore deny them.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Defendants admit that a document entitled "Declaration of Nicholas J. Keck" is attached to the Complaint as Exhibit 2.  With regard to the remaining allegations contained in Paragraph 37, Defendants contend no response is required thereto.  If a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore deny them.

378819.2 (2929.01)

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore deny them.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore deny them.

34.    Denied.

35.    Defendant denies that any "polluted" water encountered by Mr. Keck originates from the Site.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore deny them.

36.    Defendant denies that any "pollution" encountered by Mr. Keck originates from the Site.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 and therefore deny them.

37.    Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  Defendants further contend that the allegations in Paragraph 37 of the Complaint contain legal assertions and conclusions to which no response is required.  To the extent that Paragraph 37 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

38.    Defendants deny that either of them are residents of "Waterton [sic], Tennessee".  Defendants admit that they have separate domiciles and residences.  Defendants admit that Defendant Ricky Ray is a resident of Watertown, Tennessee and that Defendant Crystal Ray is also a resident of Watertown, Tennessee.

39.    Defendants admit that Ricky Ray owns, operates, and does business as Ricky Ray d/b/a RR Farms.  Defendants deny that Defendant Crystal Ray owns, operates, or does business as

6

Ricky Ray d/b/a RR Farms nor does Defendant Crystal Ray own, operate, or do business as the stated "RR Farms aka RR Farms Mass Grading." The remaining allegations contained in Paragraph 39 are denied.

40.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. Defendants contend that the remaining allegations in Paragraph 40 of the Complaint contain legal assertions and conclusions to which no response is required. Should a response be required, said remaining allegations of Paragraph 40 are denied.

41.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. Defendants contend that the remaining allegations in Paragraph 41 of the Complaint contain legal assertions and conclusions to which no response is required. Should a response be required, said remaining allegations of Paragraph 41 are denied.

## STATUTORY BACKGROUND

42.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. To the extent that Paragraph 42 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

43.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. To the extent that Paragraph 43 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

44.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. To the extent that Paragraph 44 contains any further

7

factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

45. Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and therefore deny them.

46. Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. To the extent that Paragraph 46 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

47. Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. To the extent that Paragraph 47 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

48. Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. To the extent that Paragraph 48 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

49. Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied. To the extent that Paragraph 49 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

378819.2 (2929.01)

50.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 50 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

51.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 51 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

52.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 52 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

53.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 53 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

54.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 54 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

55.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 55 contains any further

378819.2 (2929.01)

factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

56.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 56 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

57.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 57 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

58.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 58 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

59.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 59 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

60.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 60 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

## GENERAL ALLEGATIONS

61.     Defendants contend that no response is required to Paragraph 61.  To the extent that Paragraph 61 contains any allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

62.     Denied.

63.     Defendants admit that a Tennessee General Permit for Discharges of Stormwater Associated with Construction Activities ("NPDES Permit") was granted for the Site.  Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 63 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

64.     Denied.

65.     Denied.

## COUNT ONE
## VIOLATIONS OF THE CLEAN WATER ACT

66.     Paragraph 66 of the Complaint does not require a response.

67.     Denied.

68.     Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 68 contains any further factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

### A.  Failure to Conduct and Submit a Site Assessment

69.     Denied as stated.  Defendants admit that a Stormwater Pollution Prevention Plan ("SWPPP") was submitted for the Site pursuant to the NPDES Permit.

11

70.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 70 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

71.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 71 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

72.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 72 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

73.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 73 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

74.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 74 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

75.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 75 contains any further allegations

378819.2 (2929.01)

requing a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

76.    Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 76 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

77.    Defendants contend that the referenced "email", not attached to the Complaint, speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 77 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

78.    Defendants contend that the SWPPP speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 78 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

79.    Defendants contend that the allegations in Paragraph 79 of the Complaint contain legal assertions and conclusions to which no response is required.  To the extent that Paragraph 79 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and therefore deny them.

81.    Denied.

82.    Denied.

83.    Denied.

13

**B. The SWPPP's Erosion and Sediment Control Designs Do Not Comply With Permit Requirements.**

84.    Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 84 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 regarding Mr. Murph's observations.  The remaining allegations of Paragraph 85 are denied.

86.    Denied.

**C. Failure to Design, Install and Maintain Erosion Prevention and Sediment Controls Appropriate for the Site Conditions.**

87.    Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 87 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

88.    Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 88 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

378819.2 (2929.01)

**D. Failure to Apply Best Practicable Control Technology.**

93. Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied. To the extent that Paragraph 93 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

94. Denied.

**E. Failure to Design, Install, Implement and Maintain Effective Pollution Prevention Measures to Minimize the Discharge of Sediment and Other Pollutants.**

95. Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied. The remaining allegations contained in Paragraph 95 are denied.

**F. Failure to Maintain Effective Best Management Practices.**

96. Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied. To the extent that Paragraph 96 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

97. Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied. To the extent that Paragraph 97 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

98. Denied.

**G. Failure to Provide a Description of All Construction Activities at the Site.**

99. Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied. To the extent that Paragraph 99 contains any further allegations

requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

100. Defendants contend that the SWPPP speaks for itself and any allegation inconsistent therewith is denied. To the extent that Paragraph 100 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

101. Defendants contend that the "Notice of Intent" speaks for itself and any allegation inconsistent therewith is denied. To the extent that Paragraph 101 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

102. Defendants contend that the NPDES Permit, the SWPPP, and the "Notice of Intent" speak for themselves and any allegation inconsistent therewith is denied. The remaining allegations of Paragraph 102 are denied.

## H. Failure to Provide Slope and Drainage Information

103. Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied. To the extent that Paragraph 103 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

104. Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied. To the extent that Paragraph 104 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

105. Denied.

16

**I. Failure to Provide a Description of How Runoff Will be Handled.**

106.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  Defendants deny that any information required to be included in the SWPPP was excluded therefrom.  To the extent that Paragraph 106 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

**J. Erosion Prevention Controls do not Eliminate the Dislodging and Suspension of Soil in Water to the Maximum Extent Practicable.**

107.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 107 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

108.     Denied.

109.     Defendants contend that the allegations in Paragraph 109 of the Complaint contain legal assertions and conclusions to which no response is required.  To the extent that Paragraph 109 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

**K. Discharge Quality and Removal Violates the Permit.**

110.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 110 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

111.     Denied.

**L. Stormwater Discharges Cause Violation of State Water Quality Standard.**

112.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 112 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

113.     Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 113 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

114.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and therefore deny them.

115.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and therefore deny them.

116.     Defendants contend that the chapter of the "Tennessee Rules" referenced by Plaintiff speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 116 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

117.     Defendants contend that the chapter of the "Tennessee Rules" referenced by Plaintiff speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 117 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

18

118.    Denied.

**M. Failure to Comply with Inspection Provisions.**

119.    Defendants contend that the NPDES Permit speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 119 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

120.    Denied.

121.    Denied.

122.    Denied.

**N. Discharging Contaminated Stormwater Without a Permit and/or In Violation of a Permit.**

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  The remaining allegations of Paragraph 127 are denied.

**COUNT TWO**
**THE RESOURCE CONSERVATION AND RECOVERY ACT**

128.    Paragraph 128 of the Complaint does not require a response.

129.    Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  The remaining allegations of Paragraph 129 are denied.

130.    Defendants contend that the cited statutory provisions speak for themselves and any allegation inconsistent therewith is denied.  To the extent that Paragraph 130 contains any further

19

allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Defendants contend that the "Notice of Coverage" referenced by Plaintiff speaks for itself and any allegation inconsistent therewith is denied.  To the extent that Paragraph 134 contains any further allegations requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

135.    Defendants admit that certain excavated materials originating from certain construction sites have been received and placed at the Site.  The remaining allegations contained in Paragraph 135 are denied.

136.    Denied.

137.    Denied.

138.    Denied.

**COUNT THREE**
**INJUNCTIVE RELIEF**

139.    Paragraph 139 of the Complaint does not require a response.

140.    Denied.

141.    Denied.

142.    Denied.

378819.2 (2929.01)

143.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 regarding Plaintiff's intentions in bringing this action.  Defendant denies the remaining allegations contained in Paragraph 143.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants contend that the allegations in Plaintiff's Prayer for Relief and all of its subparts contain legal assertions and conclusions to which no response is required.  Defendants further contend that the cited statutory provisions and the NPDES Permit speak for themselves.  To the extent that Plaintiffs' Prayer for Relief and all of its subparts contain any factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Having fully answered Plaintiffs' Complaint, Defendants assert the following enumerated Affirmative Defenses:

1.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff cannot establish standing under Article III of the U.S. Constitution, including any particularized harm to any individual member of the organization caused by the Defendants, or redressability. Further, Plaintiff cannot establish the presence of ongoing violations necessary to establish standing under the citizen suit provisions of the CWA or the case or controversy requirement of Article III of the U.S. Constitution.

3.     Plaintiff's claims based on alleged violations are barred by any and all applicable statutes of limitations and repose, including, but not limited to, 28 U.S.C. § 2462.

21

4. Any allegations of violations for which Defendants were otherwise authorized by the NPDES Permit are shielded by 33 U.S.C. § 1342(k) because compliance with the Permit is deemed compliance for purposes of the allegations contained herein.

5. Plaintiff's claims fail, in whole or in part, because the relief sought by Plaintiff has become moot in light of corrective measures previously and currently being undertaken by Defendants. Specifically, Plaintiff's claim for injunctive relief is improper, moot, and fails due to said measures.

6. The Court lacks jurisdiction over the Plaintiff's claims because the Complaint seeks redress for violations which wholly occurred in the past.

7. To the extent that Plaintiff has suffered any harm, their own lack of diligence and negligence, or the lack of diligence and negligence of others, contributed to and caused, in whole or in part, such harm, and their claims therefore are barred.

8. Plaintiff is barred from recovering damages to the extent that they failed to mitigate their damages, if any.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve any and all Affirmative Defenses available to them under applicable federal and state law, including, but not limited to, the acts cited by Plaintiff in the Complaint, as well as other applicable statutes and regulations; the subject NPDES Permit; the Federal Rules of Civil Procedure; the Local Rules of Civil Procedure of the District Court for the Middle District of Tennessee; or otherwise in law or equity, now existing, or later arising, as may be discovered. Defendants further reserve the right to amend this Answer should they later discover facts demonstrating the existence of new or additional Affirmative Defenses or should a change in the law support the inclusion of new or additional Affirmative Defenses.

22

## DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, having fully answered the allegations of the Complaint, Defendants respectfully pray for relief as follows:

1.     That Plaintiff take nothing against Defendants by way of Plaintiff's Complaint;

2.     That all of Plaintiff's causes of action against Defendants be dismissed in their entirety with prejudice;

3.     That judgment be entered against Plaintiffs and in favor of Defendants on all of Plaintiffs' causes of action;

4.     That Defendants be awarded their costs of suit and attorneys' fees incurred in this Civil Action, as provided by law;

5.     That, if such claims are not dismissed, the Court issue an appropriate Order denying Plaintiff a jury, as such is not authorized under a Clean Water Act Citizen Suit; and

6.     That this Court grant such other and further relief as it deems necessary or appropriate.

Respectfully submitted,

*/s/ William L. Fitts*

Gregory L. Cashion (No. 10697)
William L. Fitts (No. 37938)
**SMITH CASHION & ORR, PLC**
One American Center
3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
Telephone: (615) 742-8555
Facsimile: (615) 742-8556
gcashion@smithcashion.com
wfitts@smithcashion.com
*Counsel for the Defendants Crystal Ray and Ricky Ray d/b/a RR Farms aka RR Farms Mass Grading*

23

## CERTIFICATE OF SERVICE

I hereby certify that on this the **13th day of October, 2023**, a true and correct copy of ***Defendants Crystal Ray and Ricky Ray d/b/a RR Farms aka RR Farms Mass Grading's Notice of Appearance*** was filed with the Clerk of Court using the CM/ECF system, and that a true and correct copy of such filing was served on all known counsel of record listed below through the electronic filing manager, pursuant to the Federal Rules of Civil Procedure.

Elizabeth A. Alexander (No. 19273)
**PEPPER LAW, PLC**
1801 West End Avenue, Suite 850
Nashville, Tennessee 37203
Tel. (615) 256-4838
balexander@pepperlawplc.com

Mark E. Martin (Alabama BPR No. ASB-9361-A41M)
*Pro Hac Vice*
P.O. Box 1486
Oneonta, Alabama 35121
Tel. (205) 516-9350
mmartin@markemartin.com

*Attorneys for Plaintiff, Tennessee Riverkeeper, Inc.*


 */s/ William L. Fitts*
William L. Fitts

378819.2 (2929.01)