IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CRYSTAL RAY and RICKY RAY d/b/a RR FARMS aka RR FARMS MASS GRADING,**<br><br>**Defendants.** | ) | **Civil Action No. 3:23-cv-00878**<br><br>**Judge Waverly D. Crenshaw, Jr.**<br>**Magistrate Judge Alistair Newbern** |

**DEFENDANTS' PRE-TRIAL BRIEF**

**COMES NOW** the Defendant, Ricky Ray d/b/a RR Farms aka RR Farms Mass Grading by and through undersigned counsel and pursuant to the Court's direction at the May 19, 20025 Pre-Trial Conference, and hereby submits the following *Pre-Trial Brief*.

## I. INTRODUCTION

Pursuant to the Court's directions, the Defendant will use this *Pre-Trial Brief* to address various issues noted by the Court or others Defendant deems appropriate for the Court to consider.

## II. ISSUES FOR CONSIDERATION

### A. Definition of Fill Material

The Court has directed counsel to brief the issue of the definition of "fill material" in Tenn. Comp. R. & Regs. 0400-11-01.02(1)(b)(3)(xiii). The Court has specifically requested whether definitions of fill material in various Clean Water Act and Resource Conservation Recovery Act should be used to define "fill material" in the Tennessee Regulations. Defendant would argue that these definitions bear little relationship to the purpose of the

relevant Tennessee Regulations, and that the Regulations themselves provide a definition of "fill." Tenn. Comp. R. & Regs. 0400-11-01.01 defines "Fill Area" as the "area containing waste placed for final disposal not including earthen berms or other facility appurtenances." Therefore, if we remove "area" from this definition and insert "material", the Regulations would yield a definition of "fill material" as "material comprising waste placed for final disposal not including earthen berms or other facility appurtenances."

Regardless, Defendant maintains that this definition is irrelevant to the issues at hand with regard to the RCRA. While Riverkeeper argues that Defendant has violated the RCRA due to landfill activities, they have yet to point to a specific section of the RCRA that they allege has been violated, outside of the language prohibiting "discharges of pollutants into waters of the United States." This is the same standard as the Clean Water Act. Therefore, the only relevant elements to the Plaintiff's RCRA Claim (Count II) are: 1. The RCRA claim applies to the Property, and 2. Defendant violated the CWA. The definition of a landfill is not an issue to either of these elements and Defendant cannot determine the source of Plaintiff's arguments regarding landfill classification and permitting. For further information on this issue, see Defendant's contemporaneously filed *Supplemental Proposed Jury Instructions.*

**B. Civil Penalties under the Clean Water Act**

The Court has directed counsel to brief the issue of how civil penalties are calculated under the Clean Water Act. Defendant would point to the EPA's Supplemental Guidance to the Interim Clean Water Act Settlement Penalty Policy for Violations of the Construction Storm Water Requirements, attached hereto as Exhibit 1.

**C. Proof of Discharge of Pollutants is Required to Bring a Successful CWA Claim.**

As previously noted by the Court, Plaintiff has brought 14 alleged violations of the NPDES Permit and the Clean Water Act. Defendant would like to inform the Court that while Tennessee Riverkeeper can bring claims against Defendant for violations of the terms of the NPDES Permit, they cannot be successful under the Clean Water Act purely for permit violations, as elements for such a claim include a (1) discharge (2) of pollutants (3) into a water of the United States. For further information on this issue, see Defendant's contemporaneously filed *Supplemental Proposed Jury Instructions*.

**D. Anticipated Proof/Defenses**

The Court has requested that the parties provide a summary of their anticipated proof and/or defenses to be encountered at trial. Defendant contends that Plaintiff will not be able to bring evidence that could lead a reasonable juror to conclude that the Clean Water Act was violated due to the discharge of pollutants into a water of the United States. Plaintiff cannot recover on any of its claims unless it proves by a preponderance of the evidence that Defendant discharged pollutants after the filing of this lawsuit. Given the lack of any expert testimony to be given at trial, Defendants do not believe Plaintiff will be able to meet the scientific standards necessary to move forward with its claim.

Nonetheless, should Plaintiff establish enough evidence to satisfy its burden, Defendant will show that any and all unlawful discharges from the Site were wholly past. The stormwater controls on the Site have been constantly upgraded and modified over the course of construction on the Site. Once the stormwater retention pond had been completed on the Property, Defendant will show any stormwater runoff issues ceased.

Respectfully submitted,

**SMITH CASHION & ORR, PLC**

*/s/ William L. Fitts*
Gregory L. Cashion (No. 10697)
William L. Fitts (No. 37938)
One American Center
3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
Telephone: (615) 742-8555
Facsimile: (615) 742-8556
gcashion@smithcashion.com
wfitts@smithcashion.com
*Counsel for the Defendants Crystal Ray and Ricky Ray d/b/a RR Farms aka RR Farms Mass Grading*

## CERTIFICATE OF SERVICE

I hereby certify that on this the **12th day of May, 2025**, a true and correct copy of the ***Defendants' Pre-Trial Brief*** was filed with the Clerk of the Court using the CM/ECF system, and that a true and correct copy of such filing was served on all known counsel of record listed below through the electronic filing manager, pursuant to the Federal Rules of Civil Procedure.

Andrea Taylor McKellar (BPR No. 19618)
MCKELLAR LAW GROUP, PLLC
117 28th Avenue North
Nashville, TN 37203
Tel. (615) 866.9828
andie@mckellarlawgroup.com

Mark E. Martin (Alabama BPR No. ASB-9361-A41M)
*Pro Hac Vice*
P.O. Box 1486
Oneonta, Alabama 35121
Tel. (205) 516-9350
mmartin@markemartin.com

*Attorneys for Plaintiff, Tennessee Riverkeeper, Inc.*

*/s/ William L. Fitts*
William L. Fitts