**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:23-cv-00878** |
| **v.** | ) | **Judge Waverly D. Crenshaw, Jr.**<br>**Magistrate Judge Alistair Newbern** |
| **RICKY RAY d/b/a RR FARMS aka RR FARMS MASS GRADING,** | ) | |
| **Defendant.** | ) | |

**SUPPLEMENTAL BRIEF ON JUDGMENT AS A MATTER OF LAW**

**COMES NOW** the Defendant, Ricky Ray d/b/a RR Farms aka RR Farms Mass Grading (hereinafter, "Defendant" or "Mr. Ray"), by and through undersigned counsel and pursuant to Rule 50(a) of the Federal Rules of Civil Procedure and direction of this Court, and hereby submits the following *Supplemental Brief on Judgment as a Matter of Law*, informing this Court of the legal basis to dismiss as a matter of law Plaintiff's (hereinafter, "Plaintiff" or "Riverkeeper") Count I of the *Amended Complaint*. In support of Defendant's *Motion for Judgment as a Matter of Law* (hereinafter, the "Motion"), Defendant would adopt and rely upon its Motion stated on the Record and additionally state as follows:

## I. STANDARD OF REVIEW: RULE 50(a)(1)

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides the standard for Judgment as a Matter of Law: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue" the court has a singular course of action. Fed. R.

Civ. P. 50(a)(1). The court may "(A) resolve the issue against the party;" and (B) "grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." *Id.*

## II. CLEAN WATER ACT VIOLATIONS

The Pre-Trial Order states that Plaintiff's Count I consists of the allegation that Defendant violated the CWA "by operating the Site in a manner that discharges pollutants to the waters of the United States and waters of the state in violation of the Permit." Pre-Trial Order 2, ECF 92. This court, the U.S. District Court for the Middle District of Tennessee has found that "[t]o establish a violation of the Clean Water Act for unauthorized discharge of pollutants, a plaintiff ***must establish*** that a ***pollutant was added*** to navigable waters from a point source." *Tenn. Riverkeeper, Inc. v City of Lawrenceburg*, No. 120-cv-00052, 2023 U.S. Dist. LEXIS 123416 at *22. (emphasis added). The Sixth Circuit has clearly established the elements that a Plaintiff must prove to establish liability under the Clean Water Act, as shown in *United States v. Cundiff*. 555 F.3d 200, 213 (6th Cir. 2009). Plaintiffs must prove that, "(1) a person (2) discharged a pollutant (3) from a point source (4) into waters of the United States (5) without a permit." *Id.*

### A. Plaintiff has Failed to Present Any Proof of a "Pollutant"

As stated by this Court on May 28, 2025, Plaintiff has not provided in its case in chief any proof of a "pollutant," which is an essential element in actions for violation of the Clean Water Act. The definition of a "pollutant" under the CWA is "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water." 33 U.S.C. § 1362(6). Testimony in Plaintiff's case in chief from multiple witnesses involved observations

of "muddy water," but these observations cannot be amounted to proof of a "pollutant." No witness has testified that they found mud in the discharge from Mr. Ray's property, merely they observed the water, which appeared "muddy." Left unanswered are the questions, "why does the water appear muddy" and "what pollutant, if any, is contributing to the appearance of the water." It is Plaintiff's burden to provide the answers to these questions; it is not the responsibility of the jury to guess how the answers without any evidence to guide them.

**B. Expert Testimony, Along With Testing, is Required to Establish a "Pollutant" and Plaintiff has Failed to Present Such Proof**

This Court, in another matter involving Tennessee Riverkeeper, Inc., has held that even an expert witness cannot prove the "pollutant" element of a Clean Water Act claim without testing the discharge at issue. *See Riverkeeper v. Tweden*, No. 3:24-cv-00886, 2025 U.S. Dist. LEXIS 40463, at *22 (M.D. Tenn. Mar. 6, 2025). Judge Trauger held that, "absent a claim that Riverkeeper's scientist is able to perceive, with the naked eye, the presence of the pollutants at issue, the court ***cannot credit the statement that Riverkeeper's scientist observed 'pollutant' discharge as anything other than speculative*** . . . " *Id.* at *22 (emphasis added).

In *Tweden*, Riverkeeper's proof of violation of the Clean Water Act at the time of the defendants' motion to dismiss consisted of "multiple observations of discharges", including one observation after the filing of the action, and "two instances of testing" *Id.* at *20. The court found that these observations, including a Riverkeeper scientist's observation of "a discharge of discolored water" did not support a statement that that the defendants discharged pollutants on those dates. *See Id.* at *20-22. The Court did consider the two instances of testing as proof of a pollutant; however, because these tests were performed before the filing of the *Complaint*, they were "wholly past" and therefore not valid bases to establish standing under a Clean Water Act claim. *See Id.* at *22.

Here, Plaintiff has provided no testing of the alleged infringing discharge whatsoever, before or after the *Complaint*. The only proof presented in *Plaintiff's* case in chief has been evidence of the *observation* of "muddy water". If the observations of Riverkeeper's scientist finding "discolored water" were not enough to establish a discharge of pollutants at the Motion to Dismiss stage, surely allegations at trial of merely "muddy water" are not enough here to establish sufficient proof for submission of the claim to the jury.

Defendant assumes that Plaintiff will attempt to distinguish this case from *Tweden* in that it involved PFA chemicals which are different from whichever pollutant they are attempting to allege is at issue here. However, in order to do so, Plaintiff would need to have brought *proof* of this difference via expert testimony to explain to the court and the jury why Plaintiff believes it should be subject to a different standard of proof than set forth in *Tweden*. Plaintiff has rested its case without any such proof.

### C. Expert Proof is Required to Establish Causation and Violations of the Permit; Plaintiff has Provided No Such Proof.

Rule 702 permits expert proof "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. In order to establish a cause of the appearance of the alleged "muddy water", Plaintiff would have needed testimony from an individual with the requisite scientific, technical, or other specialized knowledge to assist the jury in determining what, if any, pollutant caused the water to appear "muddy". So such testimony has been presented.

Furthermore, expert proof is required to establish the scientific, technical, and specialized requirements of the NPDES Permit and whether Mr. Ray's actions met or did not meet those standards. Plaintiff has provided no testimony from an individual with the scientific, technical, and specialized knowledge to give an admissible opinion as to whether Mr. Ray's actions violated the terms of the Permit.

For these reasons and the reasons set forth on the Record at the presentation of the *Motion for Judgment as a Matter of Law*, Defendant submits that Count I and Count II against him must be dismissed.

Respectfully submitted,

**SMITH CASHION & ORR, PLC**

*/s/ William L. Fitts*

Gregory L. Cashion (No. 10697)
William L. Fitts (No. 37938)
One American Center
3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
Telephone: (615) 742-8555
Facsimile: (615) 742-8556
gcashion@smithcashion.com
wfitts@smithcashion.com
*Counsel for the Defendants Crystal Ray and Ricky Ray d/b/a RR Farms aka RR Farms Mass Grading*

## CERTIFICATE OF SERVICE

I hereby certify that on this the **29th day of May, 2025**, a true and correct copy of the ***Supplemental Brief on Judgment on the Pleadings*** was filed with the Clerk of the Court using the CM/ECF system, and that a true and correct copy of such filing was served on all known counsel of record listed below through the electronic filing manager, pursuant to the Federal Rules of Civil Procedure.

Andrew Holt (BPR No. 042543)
NEAL & HARWELL, PLC
1201 Demonbruen Street, Suite 100
Nashville, TN 37203
Tel. (615) 244-1713
aholt@nealharwell.com

Mark E. Martin (Alabama BPR No. ASB-9361-A41M)
*Pro Hac Vice*
P.O. Box 1486
Oneonta, Alabama 35121
Tel. (205) 516-9350
mmartin@markemartin.com

*Attorneys for Plaintiff, Tennessee Riverkeeper, Inc.*

*/s/ William L. Fitts*
William L. Fitts