**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

---

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:23-cv-00878** |
| **v.** | ) | **Judge Waverly D. Crenshaw, Jr.** <br> **Magistrate Judge Alistair Newbern** |
| **RICKY RAY d/b/a RR FARMS aka RR FARMS MASS GRADING,** | ) | |
| **Defendant.** | ) | |

---

**RESPONSE IN OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT AND REQUEST FOR RELIEF**

---

**COMES NOW** the Defendant, Ricky Ray d/b/a RR Farms aka RR Farms Mass Grading (hereinafter, "Defendant" or "Mr. Ray"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C.S. § 1927, (hereinafter, the "Rules"), hereby presents the following Response to Plaintiff's, Tennessee Riverkeeper, Inc., (hereinafter, "Plaintiff" or "Riverkeeper"), *Motion to Alter or Amend Judgment or, in the Alternative, for New Trial* (hereinafter, the "Motion") and Request for Relief. In support thereof, Defendant states as follows:

## <u>LEGAL STANDARD</u>

The "[p]urpose of motion under FRCP 59(e) is to correct manifest errors of law or fact or present newly discovered evidence." Fed. R. Civ. P. 59(e) cmt. 3 (citing *United States v. Municipal Auth.*, 181 F.R.D. 290, 1996 U.S. Dist. LEXIS 22106 (M.D. Pa. 1996)). Further, "[r]elief under Rule 59(e) is an extraordinary remedy reserved for exceptional cases." *Id.* (citing *Adams v. Diamond*, No. 3:18-CV-00976, 2022 U.S. Dist. LEXIS 58296, at *2 (M.D.

Tenn. Mar. 30, 2022)). Therefore, "such extraordinary relief is 'seldom granted.'" *Id.* (citing *Mitchell v. Citizens Bank*, No. 3:10-00569, 2010 U.S. Dist. LEXIS 140664, at *1 (M.D. Tenn. Jan. 26, 2011)).

## ARGUMENT

Riverkeeper's *Motion* not only fails on its face to meet the requirements of Rule 59(e), but also fails on the merits of its arguments, as Riverkeeper does not present any manifest errors of law. Riverkeeper's three alleged errors of law do not conform to the binding legal precedent of the Sixth Circuit Court of Appeals and contradict the clear precedent set forth by the Middle District of Tennessee. The *Motion* simply prolongs circular claims and wholly lacks testimony or evidence in support thereof.

### I. Rule 59(e) Standard

Riverkeeper's *Motion* fails to meet the standard set forth by Federal Rule of Civil Procedure 59(e). Instead of presenting a proper argument that the Court has committed a manifest error of law, the *Motion* rehashes broken arguments with pinpoint and out of context citations. Additionally, Plaintiff brings novel theories to the Court that are wholly absent from the *Amended Complaint*[1], the *Pretrial Order*[2], and Plaintiff's arguments at trial. This is clearly not aligned with the purpose of Rule 59(e).

The Sixth Circuit Provides, "[a] Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." *Gulley v. County of Oakland*, 496 Fed. Appx. 603, 612 (6th Cir. 2012). Furthermore, "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Tennessee Educ. Ass'n v. Reynolds*, No. 3:23-cv-00751, 2025 U.S. Dist.

---

[1] ECF No. 48
[2] ECF No. 92

LEXIS 117041, at *2 (M.D. Tenn. June 19, 2025) (citing *Jones v. Select Portfolio Servicing, Inc.*, 672 F. App'x 526, 530 (6th Cir. 2016)). As explained in more detail *infra*, the arguments brought by the *Motion* rehash previously settled issues and set forth new legal theories that "could, and should, have been made" before the jury delivered its verdict. For these reasons, the *Motion* must be denied, as it fails on its face to meet the requirements of Rule 59(e).

## II. Alleged Errors of Law

### A. The Clean Water Act Provides for Liability Without Proof of Pollutant Discharge ***Only*** Under a Claim for Injunctive Relief.

In the *Motion*, Riverkeeper claims that the Court erred in, what Defendant assumes[3], dismissing its Clean Water Act Claim. Riverkeeper requests the Court to not only reverse this decision, but also find *sua sponte* that Defendant is in fact liable under Claim I, without submission to the jury. The Court dismissed Claim I due to Riverkeeper's failure to present evidence of a "pollutant" at trial, as prescribed under the Clean Water Act (hereinafter, the "CWA.") Notwithstanding the lack of a specific and articulable error of law, Plaintiff's argument attempts to circumvent its Claims as presented in the *Pretrial Order* and *Amended Complaint*.

The basis of Riverkeeper's argument is that the CWA allows for suits "to enforce violations" of NPDES permits. While this is true, Plaintiff's argument ignores the difference between CWA claims under Section 1365(f)(1) and Section 1365(f)(7). Section 1365(f)(1) allows citizens to bring a claim for the *unlawful discharge of a pollutant* into a Water of the United States, which requires proof of said pollutant and allows for the award of civil penalties. 33 U.S.C. § 1365; 33 U.S.C. § 1311(a); 33 U.S.C. § 1319. Alternatively, Section 1365(f)(7) allows suit *to enforce violations of a permit*. 33 U.S.C. § 1365(f)(7). The avenue for

[3] The *Motion* does not point to a specific order or ruling of the Court as the error it intends to correct. Defendant surmises Plaintiff seeks reversal of the Court's dismissal of Claim I pursuant to Defendant's Motion for Judgment as a Matter of Law.

enforcing permitting violations is injunctive relief, as courts can enforce permit violations through injunctions requiring alteration of conditions or actions to reach compliance under the permit's requirements. This is shown clearly by the case cited by Riverkeeper, *Pymatuning Water Shed Citizens for Hygienic Env't v. Eaton*, where the court awarded only injunctive relief requiring compliance with the conditions of the permit. *See Pymatuning Water Shed Citizens for Hygienic Env't v. Eaton*, 506 F. Supp. 902, (W.D. Pa. 1980). The *Motion* fails to present any case whereby a permit violation alone was sufficient to allow recovery of Civil Penalties under the CWA, with one exception, discussed *infra*.

Furthermore, Riverkeeper's argument here runs into direct conflict with its restated Claims in the *Pretrial Order* and averments in the *Amended Complaint*. *See* ECF No. 92, ECF No. 48. Count I is described in the *Pretrial Order* as for violation of the CWA due to Defendant "operating the Site in a manner that discharges pollutants to the waters of the United States . . . in violation of the Permit." *Id.* at 2. The *Pretrial Order* does not request injunctive relief to enforce the terms of the Permit—instead, Plaintiff requested the Court to compel Defendant "to remedy the illegal discharges of pollutants into Waters of the United States." *Id.* at 8. Riverkeeper cannot be allowed to alter or amend its theory of the case post-trial, disguised as a Rule 59(e) motion to alter or amend.

Nonetheless, Riverkeeper's cited caselaw in the *Motion* does not support its argument. Not only does the Plaintiff fail to cite to any controlling jurisdiction in support of their claims, but the cases that are cited are not accurately represented. Riverkeeper brings a litany of short citations from different types of authority without full consideration or context as to the Courts' reasoning and holding. Instead, Riverkeeper *selectively* presents to the Court citations which do not match the conclusions of their respective courts. For example, Riverkeeper cites to three different cases, all effectively holding that violations of permit

conditions may be enforceable, but all three cases lack any relationship to the issue at hand and do not hold that non-discharge violations are actionable on their own. Riverkeeper's citations to *Northwest Envtl. Advocs. v. City of Portland* and *Okanogan Highlands Alliance v. Crown Res. Corp.* are wholly irrelevant, as both are stated in the context of the issue of whether violations of state water quality standards can be enforced under the CWA. *See Northwest Envtl. Advocates v. City of Portland*, 56 F.3d 979, (9th Cir. 1995) and *Okanogan Highlands All. v. Crown Res. Corp.*, 544 F. Supp. 3d 1092, (E.D. Wash. 2021). Riverkeeper's citation to *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, is similarly out of context, as the issue before the court is whether civil penalties can be awarded when injunctive relief is denied.

Riverkeeper cites to *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.* stating, "[t]ypically, citizen suits are brought against persons who are violating effluent limitations or permits issued by EPA." 73 F.3d 546, 566 (5th Cir. 1996). Riverkeeper seeks here to equate a permitting violation to a Clean Water Act violation. However, a subsequent paragraph in *Sierra Club* states, "logic dictates that the court must be able to decide whether the discharged substance is a pollutant in order to determine whether the defendant is violating the statute." *Id.* The *Sierra Club* Court requires a determination on a pollutant before a violation of the statute is implicated.

Riverkeeper cites a provision of *Gill v. LDI* stating "[v]iolation of any condition in an NPDES permit is considered a violation of the CWA." 19 F. Supp. 2d 1188, 1195 (W.D. Wash. 1998). Missing from this short citation is the context around it, as the issue in *Gill* was whether non-discharge violations could "count" as "ongoing violations" in determining whether the action was moot. *Id.* at 1193. Nonetheless, the *Gill* Court found both ongoing discharge of pollutants and non-discharge violations of the polluter's permit. *See Id.*,

*generally*. Furthermore, the *Gill* Court cites to *Sierra Club v. Simkins Industries, Inc.*, which provides the full context to this section of the law explaining, "the judicial relief of civil penalties . . . is causally connected to a citizen-plaintiff's injury." *Id.* Thus, a violation of an NPDES permit only subjects the permit holder to *potential* liability under the act, for it must be causally connected to the injury of the plaintiff for judicial relief.

Riverkeeper uses the holding in *Simkins* as its seminal case for the theory that evidence of a pollutant is not required for a CWA claim. However, the facts in *Simkins* are not at all analogous to the case at hand. The defendant in *Simkins* was required by its permit to sample the discharge from its site for pollutants, record the results, and maintain them. *Id.* at 1114. Instead, Simkins stopped maintaining these records directly after it was served with the lawsuit. *Id.* at 1115. The court found that it would be "difficult if not impossible" for permit enforcers to know if pollutants were being discharged in excess of the allowable limits if the permit holder didn't maintain its records of such. *Id.* The narrowness of the holding here was also clearly noted, as "[i]n this context, *where the permit expressly establishes a continuing obligation to regain records* . . ., to allow such a defense to jurisdiction would effectively provide a permit holder with the opportunity to escape liability under § 1365(a) by failing" to maintain its records. *Id.* (emphasis added).

Here, no such Permit requirement exists. Furthermore, if Riverkeeper wanted to establish liability for non-discharge permit violations, it would lack the standing to do so. In order to fit the narrow exception of *Sierra Club*, Riverkeeper would have had to bring proof of how the permit violations themselves insured their members, not the alleged stormwater discharge alone. *See Mississippi River Revival, Inc. v. State Pollution Control Agency*, No. C1-01-23, 2001 Minn. App. LEXIS 855, (Minn. Ct. App. July 31, 2001)(dismissing claim for lack of standing, "[p]laintiffs' reliance on *Simkins* is, however, misplaced. Unlike *Simkins*,

the affidavits that plaintiffs have submitted provide no evidence of actual injury as a result of defendant's alleged reporting or management program violations . . . Nothing in their affidavits suggest how defendant's alleged reporting violations affected their use and enjoyment of the Mississippi River or lakes.").

Contrary to Riverkeeper's claim that United States v. Cundiff is not relevant, the case explicitly sets forth the requirement that a pollutant must be proven in order to establish a violation of the Clean Water Act. *United States v. Cundiff*, 555 F.3d 200, 213 (6th Cir. 2009). This is more specifically reiterated in *Ragsdale v. JLM Constr. Servs.*, where failure to prove a pollutant was fatal to the plaintiff's claim. *See Ragsdale v. JLM Constr. Servs.*, 737 F. Supp. 3d 449, (W.D. Tex. 2024).

**B. In Order to Prevail on a Clean Water Act Claim, the Plaintiff Must Establish that the Water Contains Pollutants.**

The second alleged error of law according to Riverkeeper, again without citation to the specific order or finding to be revised, is that the proof submitted of visual accounts of discolored stormwater is enough to establish a "pollutant" under the CWA. The prior rulings from this court clearly establish that this is not the case.

This Court, in another matter involving Tennessee Riverkeeper, Inc., held that pollutants cannot be established using the "naked eye" alone. *See Riverkeeper v. Tweden*, No. 3:24-cv-00886, 2025 U.S. Dist. LEXIS 40463, at *22 (M.D. Tenn. Mar. 6, 2025). *Tweden* establishes that even an expert witness cannot prove the "pollutant" element of a Clean Water Act claim without testing the discharge at issue. *Id.* Judge Trauger held that, "absent a claim that Riverkeeper's scientist is able to perceive, with the naked eye, the presence of the pollutants at issue, the court ***cannot credit the statement that Riverkeeper's scientist observed 'pollutant' discharge as anything other than speculative*** . . . " *Id.* at *22 (emphasis added).

In *Tweden*, Riverkeeper's scientist's observation of a "discharge of discolored water" did not support a statement that the defendants discharged pollutants. *Id.* at *20-22. Judge Trauger states that the Court "cannot credit this ***bald assertion without any facts supporting it***." *Id.* at *21 (emphasis added). The Court ultimately holds, "other than conclusory statements, Riverkeeper has not alleged *facts* to support a plausible ongoing CWA violation." *Id.* at *22.

Here, Plaintiff has provided no testing of the alleged infringing discharge whatsoever. The only proof presented in Plaintiff's case in chief was evidence of the observation of "muddy water". The photographic, video and testimonial evidence argued by Riverkeeper in the *Motion* does not prove "sediment-laden stormwater." The only term used throughout the duration of the trial to describe the water at issue was "muddy water." Riverkeeper asked witnesses if the water was "muddy" and showed videos of "muddy water". "Muddy" was never defined, there was no explanation as to the contents of the "muddy water" itself, nor was the term "sediment-laden" used by the Plaintiff. If the observations of Riverkeeper's *scientist* finding "discolored water" were not enough to establish a discharge of pollutants in *Tweden*, surely the observations of neighbors and other witnesses of "muddy water" also do not meet this standard.

Riverkeeper cites to a string of cases where dirt, sediment, or earth were determined to be "pollutants." All of these cases are clearly distinguishable, as the actual type of pollutant was proven. Here, all that Riverkeeper proved at trial was that certain water appeared "muddy." Furthermore, Riverkeeper's citations are fractional pieces of decisions that do not represent the true holdings of each case.

**C. A Class IV Construction and Demolition Landfill Falls Under an Tennessee State Exception and a Landfill Permit is Not Required.**

The third alleged error of law presented by Riverkeeper again lacks any direction as

to the supposed order or finding that necessitates revision and Defendant is forced to surmise one for itself. Defendant assumes that Riverkeeper is arguing that the Jury Instructions were legally inaccurate – an argument that was made multiple times before and at trial and an issue that has been endlessly briefed. It appears now that Riverkeeper is bringing an entirely new set of arguments (and one old) asserting new theories of law as to how Mr. Ray should be liable under the Resource Conservation and Recovery Act (hereinafter, the "RCRA"), including a semi-novel, semi-rehashed theory that: (1) Mr. Ray violated the RCRA as an "open dump" – the basis of Riverkeeper's voluntarily dismissed Claim III, (2) RCRA provisions regarding the implementation of state-level permitting programs supersede the Tennessee landfill permitting requirements and can be violated by individuals, and (3) the factual determination as to whether the fill placed Mr. Ray's property met the requirements of the exception to permitting was actually a legal question that should not have been submitted to the jury.

Regarding the first and second argument, both of which allege Defendant violated the RCRA by operating an "open dump", Defendant would note for the Court the basis of this new theory actually has been brought before this Court previously and ***it was voluntarily dismissed*** by Riverkeeper. Plaintiff's original Claim III in the *Pretrial Order* alleges "the Rays violated the RCRA by operating an open dump." 3, ECF No. 92. This claim was dismissed by the Order of this Court dated May 15, 2025. 3, ECF No. 96. Yet, Plaintiff spends four paragraphs in *Motion* attempting to resurrect this claim back from the grave, under the heading "A. Mr. Ray's site is an 'open dump' under Federal Law." The analysis can stop here - regardless of Plaintiff's half-baked theories that it could have brought earlier to argue violations of the RCRA as an "open dump", it chose to explicitly abandon them.

Defendant is under no obligation on Rule 59(e) Motion to research and respond to a brand new theory of liability not presented prior to the filing of the Motion. Riverkeeper

cannot relitigate the case under a theory of liability that did not present before the conclusion of this matter, especially one that is a re-hashed version of a voluntarily dismissed claim. Nonetheless, Defendant would point out to the Court that Plaintiff's new theory attempts to take regulations, which prescribe how individual States are to implement their own landfill permit programs, and warp the law to apply them to the actions of permittees. Plaintiff complains of a "regulatory gap" between federal law and state law, but the argument is so convoluted that Defendant cannot follow its broken logic and, based on the above, finds it unnecessary to attempt to do so.

The third argument presented attempts to confuse questions of law with questions of fact. The question of law submitted to the Court was whether the exception to landfill permitting under Tennessee law would exempt Mr. Ray from any liability under the RCRA. The Court found this to be the case. The question of law submitted to the jury was whether the fill material placed on Mr. Ray's property included only the materials allowed under the Tennessee exception. The jury's verdict was that Mr. Ray's fill material consisted only of the types allowed under the exception. In the *Motion*, Plaintiff attempts to again warp reality and allege that the Jury made the decision on its own as to whether Tennessee law could apply to an RCRA claim. It made no such determination; this decision was made by the Court in open court and in front of all the parties and their counsel.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court must deny the *Motion*.

## <u>REQUEST FOR RELIEF</u>

Pursuant to 28 U.S.C.S. § 1927 any attorney or other person who multiplies proceedings in any case unreasonably and vexatiously may be required to personally satisfy any excess costs, expenses, and attorneys' fees reasonably incurred due to such conduct in any court of the United States. The Middle District of Tennessee has previously found that

a baseless Rule 59(e) motion can open the filer to liability under 28 U.S.C.S. § 1927.

In *Southall v. USF Holland, Inc.*, the court held that such a finding needlessly multiplied the proceedings in a way that led to the other party to incur unnecessary costs and held the filer liable for their attorney fees under 28 U.S.C.S. § 1927. No. 3:19-cv-01033, 2023 U.S. Dist. LEXIS 52141, at *6, *19 (M.D. Tenn. Mar. 28, 2023). The court found the filing a baseless Rule 59(e) motion as one of several unreasonable attempts at prolonging the case. *Id.* at *7, *8. The court stated this was the exceptional case where counsel's actions justify imposing personal liability under 28 U.S.C.S. § 1927 for unreasonably multiplying, delaying, prolonging the proceedings, and creating unnecessary litigation expenses for the opposing party as well as wasting judicial resources. *Id.* at *8.

Here, as explained *supra*, the *Motion* at hand makes no attempt to meet the standards of Rule 59(e). The *Motion* seems to be an attempt to prolong the case and test the Court's responses to various new and alternative arguments in a matter that has already concluded, so that Riverkeeper can utilize these arguments in other matters or "preserve" them for appeal. Both the Middle District and the Sixth Circuit have made it abundantly clear that Rule 59(e) motions cannot be used to re-hash old arguments or to advance new positions that could have been argued earlier. Nonetheless, Riverkeepers twenty-page argument includes ***nothing but*** the re-hashing of old arguments and the introduction of novel theories. Additional indicative evidence of the complete disregard for the law and the time of the Court and Defendant:

1. Plaintiff's out-of-context and irrelevant citations to case law, including those intentionally cropped to mislead the Court and confuse the issues, forcing Defendant to expend time researching and rebutting these citations.
2. Plaintiff's failure to cite to any definitive order or finding of the Court to which it objects, forcing Defendant to determine these on its own and then argue against

them, expending unnecessary time and effort in doing so.

3. Plaintiff's failure to cite to the Record a singular time in the whole of its twenty-page argument
4. Plaintiff's inclusion of the exact same paragraphs from prior motions in the *Motion*, forcing Defendant to argue the same points it has already briefed for Court under said prior motions.
5. Plaintiff's inclusion of arguments previously considered, decided, and ordered by the Court.
6. Plaintiff attempting to covertly resurrect its Claim III regarding "open dumping", when Plaintiff voluntarily dismissed this claim before trial, under a completely novel theory and warping laws applicable to State government and presenting them as valid bases for "errors of law"

Due to Plaintiff's complete disregard for the Rules of Civil Procedure, the jurisprudence of the Sixth Circuit and Middle District of Tennessee, and for the time and effort of both the Court and Defendant, the *Motion* is exactly the type of "exceptional case" where opposing counsel's actions justify imposing personal liability under 28 U.S.C.S. § 1927 for unreasonably multiplying, delaying, prolonging the proceedings, and creating unnecessary litigation expenses for the opposing party as well as wasting judicial resources. For these reasons and for requiring Defendant to fully respond to a baseless motion, Defendant respectfully requests this Court to Order Plaintiff to satisfy all excess costs, expenses, and attorneys' fees reasonably incurred in responding to the *Motion* due to such conduct.

Respectfully submitted,

**SMITH CASHION & ORR, PLC**

*/s/ William L. Fitts*
Gregory L. Cashion (No. 10697)
William L. Fitts (No. 37938)
One American Center
3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
Telephone: (615) 742-8555
Facsimile: (615) 742-8556
gcashion@smithcashion.com
wfitts@smithcashion.com
*Counsel for the Defendant Ricky Ray d/b/a RR Farms aka RR Farms Mass Grading*

## CERTIFICATE OF SERVICE

I hereby certify that on this the **11th day of July, 2025**, a true and correct copy of the ***Response to Plaintiff's Motion to Alter or Amend Judgment*** was filed with the Clerk of the Court using the CM/ECF system, and that a true and correct copy of such filing was served on all known counsel of record listed below through the electronic filing manager, pursuant to the Federal Rules of Civil Procedure.

Andrew Holt (BPR No. 042543)
NEAL & HARWELL, PLC
1201 Demonbruen Street, Suite 100
Nashville, TN 37203
Tel. (615) 244-1713
aholt@nealharwell.com

Mark E. Martin (Alabama BPR No. ASB-9361-A41M)
*Pro Hac Vice*
P.O. Box 1486
Oneonta, Alabama 35121
Tel. (205) 516-9350
mmartin@markemartin.com

*Attorneys for Plaintiff, Tennessee Riverkeeper, Inc.*

*/s/ William L. Fitts*
William L. Fitts